*1255 OPINION.
Love:
The Commissioner has conceded all the assignments of error, except the one relating to the alleged $20,000 commission, so that the sole issue remaining is whether or not said amount is a proper deduction from income as an ordinary and necessary business expense.
The taxpayer insists that it has the legal right to dispose of its assets and deduct a commission for such sale as an ordinary and necessary business expense, and further points out that it has conformed to all the formal and legal prerequisites in the form of directors’ and stockholders’ resolutions. The taxpayer also urges that the corporate entities should be preserved throughout and that the relationship of the stockholders, directors, and the parties receiving the alleged commission should be disregarded. With these general principles we do not disagreee, but to our minds there are some very apparent facts in this proceeding that put the taxpayer beyond the pale of these principles and force us to look into the true significance of the transaction.
The taxpayer would have us believe that, at the time of the resolution authorizing the commission, there were no prospective sales in sight and that Professor Wilgus subsequently, while on his trip to negotiate with the Union Trust Co., came in contact with the Booth Publishing Co., which ultimately purchased the assets of the taxpayer. The written evidence disproves this theory. The letter of September 12, 1919, written by Professor Wilgus to the Booth Publishing Co., and a copy of which was sent to B. T. Dobson, discloses that negotiations were already well under way with the Booth Publishing Co. Irrespective of this fact;- there are several outstanding facts we should not overlook.
In the first place, It. T. Dobson was, for all practical purposes, the sole stockholder, director, and owner of the business, there being but two outstanding shares for qualifying purposes. In the second place, it is very apparent that J. A. Dobson (his wife), D. T. Dobson, Jr. (his son), and Angela Dobson, (wife of his son), *1256 performed no services and were in no way instrumental in securing the sale of the property. B. T. Dobson, as sole owner, had to finally agree to the terms of the sale, but performed no services in securing the buyer. Professor Wilgus was the sole factor in bringing the buyer and seller together and closing the transaction. His compensation is not in dispute. Why then should a liberal commission be paid to third parties who clearly performed no services and had nothing to do with the transaction? Stripping the transaction of all legal formalities, it appears that the father agreed to pay himself, his wife, his son, and his son’s wife $5,000 each, as the result of a sale negotiated by Professor Wilgus, and as a mere distribution as the profits of that sale.
We are of the opinion that the payments were not ordinary and necessary business expenses and that the amount thereof should be restored to the income of the taxpayer for the taxable year in question.
The Commissioner having admitted the other assignment of error, the deficiency should be computed in accordance with such admission.

Order of redetermination will b& entered on 15 days’ notice, under Rule 50.